UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA ROBERTS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | Case number 4:08cv1801 TCM |

# MEMORANDUM AND ORDER

This 42 U.S.C. § 405(g) action for judicial review of the final decision of Michael J. Astrue, the Commissioner of Social Security ("Commissioner"), denying the application of Lisa Roberts for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433, is before the Court[1] for a final disposition. Pending is the unopposed motion of the Commissioner to remand this case to the Appeals Council pursuant to sentence four of 42 U.S.C. § 405(g).

Lisa Roberts ("Plaintiff") filed a DIB application in March 2003, alleging she was disabled as of May 31, 2001, because of a bipolar disorder and generalized anxiety disorder. (R.[2] at 75-77.) Her application was denied initially and after a hearing held in March 2005

---

[1] The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2] References to "R." are to the administrative record filed by the Commissioner with his answer.

before Administrative Law Judge ("ALJ") Jhane Pappenfus (Id. at 11-21, 52-55, 301-39.) The Appeals Council then denied Plaintiff's request for review, thereby adopting the ALJ's decision as the final decision of the Commissioner. (Id. at 3-5.)

Plaintiff sought judicial review of the decision. This Court reversed the Commissioner's decision, remanded the case for further development of the record on Plaintiff's residual functional capacity ("RFC"), and instructed the ALJ to also address the question whether Plaintiff has stopped using alcohol and drugs and, if not, whether her abuse of both is "a contributing factor material to the Commissioner's determination that [she] is disabled." 42 U.S.C. § 423(d)(2)(C). See Roberts v. Astrue, No. 4:06cv1412 (E.D. Mo. Feb. 12, 2008).

On remand, another administrative hearing was held, at which Plaintiff and a vocational expert testified. (R. at 742-69.) The ALJ, Randall E. Schum, denied her application, finding that she could return to her past relevant work as a cook. (Id. at 343-52.)

Plaintiff seeks judicial review of that decision, arguing that the ALJ erred (a) by not explaining why he accepted some, but not all, of the limitations found by the agency doctors, (b) by not giving the proper weight to the opinions of her treating psychiatrist and of her treating therapist, and (c) by not mentioning the opinions of Dr. Kamat, who also treated her for her mental impairments.

The Commissioner moves to remand to the Appeals Council for the Council to then remand to the ALJ to (i) further evaluate the opinions of Plaintiff's psychiatrist and therapist; (ii) obtain evidence from a mental health expert on the nature and severity of her mental

impairment, and (iii) reevaluate whether she has the residual functional capacity to return to her past relevant work, including making "clear findings" on the physical and mental demands of that work. (Def. Mot. at 2.)

Plaintiff does not object to the Commissioner's motion.

A case seeking judicial review of the Commissioner's adverse decision may be remanded pursuant only to sentence four or six of 42 U.S.C. § 405(g). See **Shalala v. Schaefer**, 509 U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991). "Sentence four,[3] by its terms, authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing.'" **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000) (quoting § 405(g)). A remand sought by the Commissioner after he files his answer and in the absence of any new and material evidence "meets the substantive requirements of sentence four." **Id.** The remand sought in the instant case is, therefore, properly considered a sentence four remand. See **Pottsmith v. Barnhart**, 306 F.3d 526, 528 (8th Cir. 2002) (finding that order granting Commissioner's motion to remand for introduction of medical expert testimony was appropriately made pursuant to sentence four); **Boyle v. Halter**, 165 F. Supp.2d 943, 943 n.2 (D. Minn. 2001) (noting that Commissioner's motion for remand after answer was

---

[3]Sentence four reads as follows: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

appropriately made pursuant to sentence four). The Commissioner's unopposed motion shall be granted pursuant to sentence four.[4]

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is REVERSED and that this case is REMANDED for further proceedings as set forth above.

An appropriate Judgment shall accompany this Memorandum and Order.

                /s/Thomas C. Mummert, III
                THOMAS C. MUMMERT, III
                UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of September, 2009.

---

[4] The Court notes that Plaintiff's application has now been pending for more than six years and hopes the issues on remand will be resolved with all deliberate speed.